IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA LEONE<br>1670 Harrison Street<br>Denver, CO 80206 | : <br> : <br> : <br> : | *Civil Action* <br><br> Case No.: |
| v. | : <br> : <br> : | **UNDERINSURED MOTORIST COMPLAINT** |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710 | : <br> : <br> : <br> : <br> : <br> : | |

## THE PARTIES

1. Plaintiff Tamara Leone is an adult individual residing at the above address.

2. Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is, upon information and belief, an Illinois corporation with headquarters located at the above address.

## JURISDICTION AND VENUE

3. This court has original jurisdiction over this action under 28 U.S.C. §1332, as Plaintiff and Defendant are citizens of different states and the amount in controversy is in excess of $75,000.

4. Venue is proper in this district as the accident occurred in Dauphin County within the Middle District.

## COUNT I
## TAMARA LEONE v. DEFENDANT STATE FARM
## BREACH OF CONTRACT

5. On July 4, 2009, Plaintiff was a named insured on an automobile insurance policy State Farm Insurance policy number 717 2954-A14-38L (hereafter "the Policy") which policy provided Underinsured Motorist (hereafter "UIM") benefits to plaintiff in the total amount of

$300,000 unstacked per person for any given occurrence covered by the Policy. <u>See</u> Underinsured Motorist portion of the Policy and declaration page, attached as Exhibit "A".

6. The Underinsured Motorist was insured with Allstate Insurance Company (hereinafter "Allstate") and had $100,000 in liability insurance coverage.

7. On April 29, 2016, Allstate tendered $75,000 of its liability insurance policy in settlement of the claims against the Underinsured Motorist; State Farm gave its consent to this settlement as well.

8. Plaintiff and Defendant State Farm, as Plaintiff's underinsurance company providing UIM benefits under the Policy, have been unable to agree on the value of the Plaintiff's injuries.

9. On July 4, 2009 Tamara Leone was a front seat passenger in a vehicle owned and operated by Eric Howell that was stopped on Sand Beach Road turning left onto Poplar Avenue when he was negligently struck from behind by a vehicle owned by the Defendant Janet Baudette and operated by the Defendant Traci Baudette.

10. Eric Howell did not carry underinsured motorist coverage.

11. As a result of this collision, Plaintiff Tamara Leone suffered serious impairment of bodily functions, permanent, physical pain, suffering and limitations.

12. As a direct result of the aforesaid incident, plaintiff suffered various injuries, including, but not limited to: pain in her neck and shoulders, left sided neck pain, loss of the cervical lordosis, left shoulder pain, cervical radiculitis, left C5 cervical radiculopathy, left C5-6-7 radiculopathy, muscle spasm in the cervical paraspinals and left supraclavicular region as well as in the upper rhomboid region, brachial plexus injury, brachial plexopathy, cubital tunnel tenderness and positive Tinel's sign, causing chronic and permanent radiculopathy limiting her endurance for sustained activities such as sitting, typing, performing household chores, causing

pain that interrupts her sleep resulting in further and permanent lifetime limitations, as well as injury to her nerves and nervous system, any and of which may be permanent in nature.

13. As a result of the above-described incident, plaintiff has suffered the need to undergo medical and rehabilitative treatment and care, which may continue into the future indefinitely.

14. As a result of the above-described incident, plaintiff has suffered, and may continue to suffer severe economic losses, including but not limited to bills for medical treatment, medication, physical therapy, and other medical services, as well as an impairment of her earning capacity.

15. As a direct result of the aforesaid incident, plaintiff has sustained in the past, and will in the future continue to sustain, great physical and emotional pain and suffering, and bodily impairment.

16. As a direct result of the aforesaid incident, plaintiff has been unable to attend to normal duties and activities, and sustained a diminution in the ability to enjoy life and life's pleasures.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $300,000 (Three Hundred Thousand Dollars) together with interest and costs of suit.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

Date: 4/13/18

DENNIS M. ABRAMS, ESQUIRE
Attorney for Plaintiff
Attorney ID 40184
555 City Line Avenue, Suite 500
Bala Cynwyd, PA  19004
(610) 667-7511